Dan E. LYDICK, Jr., Appellant,

v.

BANK OF COMMERCE, Appellee.

No. 16160.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 13, 1961.

Rehearing Denied Feb. 10, 1961.

Charles C. Peters, Jr., and Ernest May, Fort Worth, for appellant.

McGown, Godfrey, Logan & Decker, Winfred Hooper, Jr., and John B. McClane, Fort Worth, for appellee.

BOYD, Justice.

Bank of Commerce sued Dan E. Lydick, Jr., and recovered judgment in the amount of $1,029, with interest and attorney's fees, on a note executed by K. C. Bast, doing business as K. C. Bast Planing Mill, and endorsed with recourse by Lydick. Lydick has appealed. We use the same designation of the parties as in the trial court.

A jury was waived, and findings of fact and conclusions of law were filed.

As of October 15, 1957, Bast owed plaintiff approximately $23,000, and plaintiff advised Bast that no additional advances would be made and that the entire debt must be cleared up by January 15, 1958. The indebtedness was secured by a chattel mortgage on equipment owned by Bast. Defendant operated an insurance agency and had written policies on the property of Bast, with loss payable clauses in favor of plaintiff as mortgagee. Early in November, 1957, defendant told plaintiff that Bast was indebted to him for past due premiums in the approximate amount of $3,900, and that he intended to cancel the policies.

From what we deem to be sufficient evidence the court found in substance as follows:

Defendant sought to induce plaintiff to make arrangements for the payment of the overdue premiums. Plaintiff refused. "Defendant then initiated various negotiations with the Plaintiff concerning the possibility of Plaintiff purchasing a promissory note, to be executed by K. C. Bast, the proceeds of which note were to be paid to the Defendant's insurance agency for the purpose of reducing the outstanding indebtedness for the overdue insurance premiums. Plaintiff agreed to the purchase of a promissory note, executed by K. C. Bast as maker, but only upon the condition that it be endorsed, with recourse, by the Defendant. At the special request of the Defendant, and as a special favor to the Defendant, Plaintiff agreed to purchase the note under the conditions above described." In pursuance of such agreement, on November 15, 1957, Bast, doing business as K. C. Bast Planing Mill, executed a promissory note, payable to plaintiff Bank, or order, in the principal sum of $1,029, due in seven monthly installments of $147 each, to begin on December 15, 1957. Defendant endorsed the note "with recourse" and delivered it to plaintiff. Plaintiff paid defendant the sum of $994. Plaintiff is the owner and holder of the note. " * * * Plaintiff Bank was under no obligation to the Defendant for any reason, and that the Bank advanced the sum of" $994 "to the Defendant's insurance agency solely upon the condition and in consideration of the Defendant endorsing the note in question with recourse upon himself. No agreement, either oral or written, was entered between Plaintiff and Defendant in addition or collateral to the promissory note above

described. At no time did the Plaintiff agree to pay for the insurance premiums, either overdue or currently due, but rather Plaintiff advanced the" $994 "to Defendant upon the Defendant's endorsement with recourse. The Bank would not have advanced the money to the Defendant without the endorsement thereon as indicated." The endorsement by defendant was for the accommodation of Bast, that he might obtain credit which he otherwise would not have gotten from plaintiff. Defendant's endorsement was not for the purpose of enabling plaintiff to negotiate the note in order to obtain credit thereby. " * * * All outstanding contracts of insurance pertaining to the equipment of the K. C. Bast Planing Mill originated between K. C. Bast and the Dan Lydick Insurance Agency. Plaintiff was not a party to any insurance contract between K. C. Bast and the Lydick Insurance Agency, and Plaintiff never undertook either expressly or impliedly the obligation to pay the premiums for the insurance covering the K. C. Bast equipment. In connection with any outstanding insurance contracts pertaining to the equipment of K. C. Bast, Defendant did not offer a refund or rebate of insurance premiums to Plaintiff for the purpose of inducing Plaintiff to take out insurance. Plaintiff Bank was not the insured party except insofar as it was indirectly affected as the mortgagee in the mortgagee loss payable clause of the various contracts of insurance. * * The Plaintiff would not under any circumstances pay for the premiums for such insurance."

"At one point defendant testified as follows: "Q. Who was the party liable for the payment of the premiums on these policies that were made out to the name of K. C. Bast? A. K. C. Bast. Q. The Bank of Commerce was not the party liable for the payment of those premiums, were they? A. I had no deals with the Bank of Commerce, no."

Neither Bast nor defendant has made any payment on the note. Plaintiff notified defendant of Bast's failure to pay, and elected to mature the entire note. Before the suit was filed, Bast was discharged in bankruptcy, with no assets coming into the hands of the receiver.

Defendant's contention is that the judgment is erroneous because it would compel defendant to do that which the law says he must not do; that is, to rebate premiums, which is denounced by Article 21.14, Sec. 22, of the Insurance Code, Vernon's Ann. Civ.St., which reads in part as follows: "It shall be unlawful for any local recording agent to pay, allow, give or offer to pay, allow or give, directly or indirectly, any rebate of premiums payable, any commission, or any paid employment or contract for service of any kind or anything of value whatsoever, or any valuable consideration or inducement whatever, not specified in the policy or contract of insurance for or on account of the solicitation or negotiation of contracts of insurance on property or risks in this State to any person, firm or corporation, other than a duly licensed solicitor appointed by such local recording agent, or to another local recording agent."

We do not think the invoked Article applies to the facts of this case. Although named as mortgagee in the loss payable clauses of the insurance policies on the equipment upon which it held a mortgage, plaintiff was under no obligation to pay any insurance premiums to defendant, either past due or current, and did not pay or promise to pay any such premiums. Plaintiff had the option to pay, or not to pay, the premiums for the payment of which it was not liable. Plaintiff was not the insured, and its only connection with the insurance contracts was that it was named in the mortgagee loss payable clauses. Plaintiff not being the insured, and not being obligated to pay the premiums, and not having paid or promised to pay them, we do not think the transaction can be properly construed to be an offer to rebate premiums to plaintiff.

The judgment is affirmed.